In the Matter of the Claim of ANDREW HOVANCIK, Respondent, against GENERAL ANILINE & FILM CORPORATION, ANSCO DIVISION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, June 9, 1959.

172

*Harrison, Coughlin, Dermody & Ingalls* (*Bertram W. Eisenberg* of counsel), for appellant.

*Eugene C. Gerhart* for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General* (*Roy Wiedersum* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

BERGAN, J. Claimant was employed as a laboratory technician in the manufacture of sensitized dyes. The Workmen's Compensation Board has made an award for occupational disease based on the claimant's contracture of tuberculosis. In the course of his work he used a glass pipette to test the dye development process. This is a straw-like hollow tube, shaped like a pencil.

To make the test, one end of the tube is placed in the mouth by the technician and some of the dye fluid sucked into the tube where it can be examined. This was not done often, but was performed once with each batch of dye which required from one to two months to develop. A chemical cleaning process of a pipette was followed after each use which left it chemically clean but not antiseptic.

Working in close contact with claimant from November 21, 1955 to March 16, 1956 was another technician who has been shown to have been suffering from active tuberculosis, including a lung cavity. This technician taught claimant how to use the pipette in testing dye; and there is proof that from time to time before March 16, 1956 claimant used the same pipettes that had been used by the technician suffering from tuberculosis.

Although the record demonstrates that this use during the period was infrequent, probably not more than a total of four or five times, there is medical opinion that such a use as is thus actually shown by the record could cause claimant to contract tuberculosis.

A specialist in thoracic surgery testified that " the use of those pipettes that have been used by an individual who had active tuberculosis would be a hazard; that there is a definite possibility that he could acquire infection from that source ".

There is also proof that a flask containing a chemical compound exploded in claimant's face on November 22, 1955, causing him to inhale fumes irritating his nose and throat and causing a coughing spell; there is some medical opinion in the record that this inhalation of fumes from the chemical and the coughing spell caused irritation which could " increase the chances of infection through contact with the tubercle bacilli ".

Although the chance or haphazard contact with a fellow employee having tuberculosis would not ordinarily result in an occupational disease within the definitions of the statute, here the use of an instrument in the work itself would expose all employees alike who might use such an instrument as a pipette to a special hazard of spread of certain infections, such as tuberculosis.

This seems to us to meet the essential tests of the statute and of the cases, such as *Matter of Harman* v. *Republic Aviation Corp.* (298 N. Y. 285) and *Matter of Goldberg* v. *954 Marcy Corp.* (276 N. Y. 313), which have construed the statute.

The award should be affirmed, with costs to the Workmen's Compensation Board.

FOSTER, P. J., COON, HERLIHY and REYNOLDS, JJ., concur.

Award affirmed, with costs to the Workmen's Compensation Board.